UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samwail Megali

v.                                                    Civil No. 1:26-cv-204-SE-TSM

U.S. Immigration and
Customs Enforcement,
Acting Director, et al.

O R D E R

Samwail Megali filed a petition for a writ of habeas corpus on March 3, 2026, contesting

his detention. Doc. no. 1. The petition was originally filed in the District of Massachusetts but

subsequently transferred to this court, based on the petitioner's confinement in New Hampshire

at the time the petition was filed. Doc. no. 13. This court thereafter ordered the respondents to

show cause on or before March 27, 2026, as to why it should not issue an order granting the

petition to the extent of ordering them to afford the petitioner with a bond hearing based on his

apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-

PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to the

petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment

in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

Doc. no. 17.

The respondents filed their response to the order to show cause on March 27, 2026,

wherein they maintain that Destino and Guerrero Orellana were wrongly decided, incorporate by

reference the legal arguments made on behalf of the respondents in certain prior cases, and object

to the court granting relief to the petitioner. Doc. no. 21. Nonetheless, they acknowledge that the

court would reach the same result in this case as it reached in Destino if it were to apply the same

reasoning as set forth in that case. The response further concedes that the petitioner appears to be a member of the Guerrero Orellana class.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the court is bound by the class-wide relief issued in Guerrero Orellana and because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings. The petitioner's request that this court order his immediate release, doc. no. 1 at 13, is denied without prejudice, as the court finds that ordering a bond hearing before an IJ as soon as practicable is sufficient to protect the petitioner's due process rights at this stage. The respondents shall file a status report within seven days, on or before April 6, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 30, 2026

cc:    Counsel of record.

2